**SIGNED THIS: March 15, 2006**

                                        **GERALD D. FINES**
                              **UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: ) | |
| ) | |
| STEVEN WHITLOW, ) | Bankruptcy Case No. 05-91566 |
| ) | |
| Debtor. ) | |
| | |
| CITY OF KANKAKEE, ) | |
| An Illinois Municipal Corporation, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Adversary Case No. 05-9062 |
| ) | |
| STEVEN WHITLOW, ) | |
| ) | |
| Defendant. ) | |

OPINION

This matter having come before the Court on an Amended Complaint to Determine Dischargeability of Debt; the Court, having reviewed written memoranda of the parties and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The parties to this matter have agreed that there are no disputes as to the material facts of this case and that the matter may be decided upon the written briefs submitted by the parties. At hearing on December 15, 2005, the parties were given sixty days in which to file any supporting briefs and fourteen days thereafter to file any replies deemed appropriate. Those time periods having expired and the parties having submitted their briefs, the Court finds the matter is now ripe for a ruling.

The Plaintiff is a judgment creditor of the Defendant by reason of an order for permanent injunction entered on January 5, 2005, against the Debtor/Defendant in the Circuit Court of Kankakee County, Case No. 04-MR-129, in the amount of $150,000. The judgment order entered on January 5, 2005, by the State Court recites that the Plaintiff was entitled to said amount based on the imposition of fines warranted by numerous property maintenance code violations under the Municipal Code of the City of Kankakee. Interest on the judgment accrues at the rate of 9% per annum, with a balance due on the judgment as of June 16, 2005, in the amount of $156,029.37, with interest accruing per diem at the rate of $36.99.
Additionally, the Plaintiff is a judgment creditor of the Debtor/Defendant by reasons of judgments entered on March 29, 2004, in Case No. 04-MR-104, in the Circuit Court of Kankakee County, and also by virtue of a judgment entered on February 3, 2004, in Case No. 03-MR-1191, in the Circuit Court of Kankakee County. As of June 16, 2005, the judgment in Case No. 04-MR-104, was in the amount of $1,664.65, with interest accruing at the rate of 9% per annum. In Case No. 03-MR-1191, the judgment amounted to $559.88, plus 9% per annum interest, as of June 16, 2005.

In addition to the judgments entered in the Circuit Court of Kankakee County, the Plaintiff is also a judgment creditor of the Debtor/Defendant by virtue of a series of judgments obtained through the administrative adjudication process of the City of Kankakee. As of June 16, 2005, there was due and owing on the judgments through the administrative adjudication process an amount of $17,500. In its Amended Complaint, the Plaintiff seeks to have the Court determine

that all of the judgments described above are non-dischargeable in the Debtor/Defendant's Chapter 7 bankruptcy, pursuant to the provisions of 11 U.S.C. § 523(a)(7).

### Conclusions of Law

Under 11 U.S.C. § 523(a)(7), it is stated that:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt -

(7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty -

(A) relating to a tax of a kind not specified in paragraph (1) of this subsection; or

(B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition;

In reviewing the undisputed facts before it, the Court finds that there is absolutely no question that all of the judgments at issue in this matter are non-dischargeable pursuant to § 523(a)(7). This ruling is supported by the cases cited in Plaintiff's brief, including In re Burnes, 1998 WL 34069409 (Bankr. C.D. Ill. 1998) and In re Gallagher, 71 B.R. 138 (Bankr. N.D. Ill. 1987). The Court finds further support for this decision in the cases of In re Stelweck, 86 B.R. 833 (Bankr. E.D. Pa. 1988) and In re Clayton, 199 B.R. 29 (Bankr. W.D. Tenn. 1996).

Having found that the judgments in question are non-dischargeable pursuant to § 523(a)(7), the Court finds that judgment should be entered in favor of the Plaintiff against the Debtor/Defendant in the amount of $175,753.90, with interest accruing at the rate of 9% per annum from June 16, 2005, until the judgments are paid in full.

###